12-2004-ag
Selmani v. Holder

BIA
A088 377 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand fourteen.

PRESENT: REENA RAGGI,
         DEBRA ANN LIVINGSTON,
         GERARD E. LYNCH,
              *Circuit Judges*.

_____

BESIM SELMANI,
         *Petitioner*,

         v.                                    12-2004
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent*.

_____

FOR PETITIONER:        Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Terri J.
                       Scadron, Assistant Director; Anthony
                       W. Norwood, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Besim Selmani, a native of the former Yugoslavia and citizen of Serbia, seeks review of the April 19, 2012, decision of the BIA denying his motion to reopen. *See In re Besim Selmani*, No. A088 377 943 (B.I.A. Apr. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Selmani's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (*per curiam*). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Selmani's November 2011 motion was untimely, as the final administrative decision was issued more than a year earlier. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply if the motion is "based on changed circumstances

arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), substantial evidence supports the BIA's determination that Selmani failed to demonstrate materially changed conditions in Kosovo, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

While the evidence Selmani submitted with his motion to reopen details the trial of an individual who allegedly assassinated members of the Democratic League of Kosovo ("LDK"), a political organization in which Selmani had been active, because those assassinations occurred between 1999 and 2003, they do not indicate any change in conditions since the time of his hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Moreover, the prosecution of the individual alleged to be responsible for those killings does not indicate a deterioration of conditions for members of the LDK in Kosovo. Accordingly, we identify no abuse of discretion in the BIA's determination that the evidence Selmani submitted did not establish either a material change

3

in country conditions in Kosovo or his prima facie eligibility for relief.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Jian Hui Shao v. Mukasey*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk